**In re PORTOLA PACKAGING, INC.**

No. 96–1376.

United States Court of Appeals, Federal Circuit.

Sept. 12, 1997.

Julian Caplan, San Francisco, California, for appellant. Of counsel were C. Michael Zimmerman and Janet E. Muller.

Nancy J. Linck, Solicitor, Patent and Trademark Office, Arlington, Virginia, for

---

**1.** NONE OF THE ALTERNATIVE CLASSIFICATIONS OFFERED BY SGI SPECIFICALLY CONTAINED FOODSTUFFS.

appellee. Of counsel were Albin F. Drost, Deputy Solicitor, and Kevin T. Kramer, Associate Solicitor.

Bruce T. Wieder, Washington, D.C., for the amicus curiae. Of counsel were Harold C. Wegner and Teresa Stanek Rea.

## ORDER

A combined petition for rehearing and suggestion for rehearing in banc having been filed by the APPELLEE, along with an amicus curiae brief filed by the Bar Association of the District of Columbia, and the petition for rehearing having been referred to the panel that heard the appeal, and thereafter the suggestion for rehearing in banc having been referred to the circuit judges who are in regular active service, and a poll having been requested, taken, and failed,

UPON CONSIDERATION THEREOF, it is

ORDERED that the petition for rehearing be, and the same hereby is, DENIED, and it is further

ORDERED that the suggestion for rehearing in banc be, and the same hereby is, DECLINED.

Circuit Judge Rader dissents in a separate opinion.

The mandate of the court will issue on September 19, 1997.

RADER, Circuit Judge, dissenting.

Reexamination enables patent owners and accused infringers alike to resolve or narrow questions of patent validity without the enormous expense of litigation. Reexamination also strengthens the patent system by allowing the Patent and Trademark Office to take a second look at patents of doubtful validity. With pressure for swifter examination mounting, the chance of an imperfect initial examination also increases. Reexamination compensates for these rare, but occasionally important, lapses without the vast expense of district court litigation.

In *In re Portola Packaging, Inc.*, 110 F.3d 786, 42 USPQ2d 1295 (Fed.Cir.1997), this court strictly reduced the effectiveness of reexamination. Because neither the language nor the structure of the statute prompts these restrictions, I would vote to reconsider this case *en banc*.

### I

The first PTO examiner in 1983 rejected several claims of the Portola application in light of a prior art patent to Hunter, and several other claims in light of a second patent to Faulstich. Other claims nonetheless issued for this flexible bottle neck and cap invention. Ten years later, a third party requested, and the Commissioner initiated, a reexamination. The examiner rejected all claims in light of a new reference, a patent to Von Hagel. In response, Portola canceled some claims and combined others. The examiner then rejected these new, never-before-examined claims over a combination of Hunter and Faulstich—the art cited in the initial examination.

This court decided that these grounds for rejection were improper because the rejection was "supported only by prior art previously considered by the PTO in relation to the same or broader claims." *Id.* at 791. The court thus held that in a reexamination, a rejection based solely on prior art that was before the examiner in a previous examination could never be proper. The court justified this new rule: "[R]eexamination of the same claims in light of the same references does not raise a substantial new question of patentability." *Id.* at 790.

### II

This court's opinion in *Portola* misreads Title 35's "substantial new question of patentability" requirement. Title 35 does not limit reexamination to new prior art only. The statute does *not* say: "The Commissioner may determine whether [new prior art raises] a substantial new question of patentability." It says: "[T]he Commissioner may

determine whether a substantial new question of patentability is raised." 35 U.S.C. § 303(a). The language of the statute does not limit reexamination to new prior art which raises a substantial question of patentability; rather, it broadly permits the Commissioner to commence a reexamination for any substantial new question of patentability. On its face, this language is not limited to new prior art. Moreover the legislative history of 35 U.S.C. §§ 303–305 similarly says nothing to limit reexaminations to new prior art.

The statutory term "new question" is broader than "new prior art." Of course, non-cumulative new prior art almost by definition raises a "substantial new question of patentability" but substantial new questions can arise in other contexts as well. Such is the case here, where new claims were drafted to escape the new prior art—the Von Hagel reference.

In addition to misreading the language of the statute, the *Portola* court also misread the structure of the statute. The *Portola* court imports the "substantial new question" language from section 303(a), where it serves as a trigger for the Commissioner's power to commence reexamination, into section 305, which governs the conduct of the reexamination. Under section 305, reexamination proceeds "according to the procedures established for initial examination." Under the standard examination procedures expressly made applicable by section 305, a new claim (as appeared in this case to evade the Von Hagel reference) may give rise to new grounds for rejection (as occurred in this case with obviousness over the combined Hunter and Faulstich references).

Thus even under its own restrictive misreading of "substantial new question," the *Portola* reexamination properly commenced with new prior art, the Von Hagel reference. The PTO then rejected the rewritten claims under "the procedures established for initial examination," as provided by section 305. The *Portola* court should have upheld this proper rejection of absolutely new claims.

Instead the *Portola* court invented a requirement—nowhere found in the statute—that rejections in a reexamination must not rely solely on "old" prior art. The court opined: "That the claims were amended by Portola does not mean that a new examination of the amended claims involved substantial new issues of patentability. It is clear that the scope of a patent claim may not be enlarged by amendment during reexamination." *Id.* at 790. In the first place, this passage incorrectly imports the "new question of patentability" requirement of section 303 into the standard examination procedures required by section 305. Moreover, as a practical matter, this error allows anyone to escape reexamination by tinkering with their claims so as to invoke a rejection only under "old" prior art. Once the Commissioner declared that this reexamination was properly underway because Von Hagel presented a substantial new question of patentability, the reexamination proceeded properly under examination procedures which carry no limitations on use of "old" prior art.

The *Portola* court's result weakens reexamination. In fact, the originally allowed claims did not survive the new prior art. The entirely reinvented claims did not survive a combination of prior art references that the PTO had not before invoked. Even hypothetically allowing the erroneous import of the "new question" requirement into the conduct of the reexamination, it is difficult to envision that this new claim and new obviousness combination did not present a "substantial new question of patentability."

### III

In *In re Portola Packaging* and its predecessor *In re Recreative Technologies Corp.,* 83 F.3d 1394, 38 USPQ2d 1776 (Fed.Cir. 1996), the court seemed to focus on the chance that third parties might harass patent owners by continually seeking reexaminations. Neither the record in this case, nor any other record evidence properly before this court, suggest that this specter has arisen. The PTO has only undertaken reexami-

nations when genuine new questions of patentability warranted the process. After all, the PTO is not looking to create work for itself, but instead only reexamines patents of doubtful validity when substantial new questions arise. Because this court unduly restricts the economies and advantages of reexamination by misreading both the language and structure of 35 U.S.C. §§ 303–305, I would vote to consider this case *en banc*.